UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG LINH HOANG,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT OF CALIFORNIA,<br><br>Respondent. | Case No.  8:22-cv-01675-RGK-KES<br><br>ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

On August 28, 2022, Petitioner Hung Linh Hoang ("Petitioner") constructively filed a document (the "Petition") that the Court liberally construes as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.)  The Petition is the third habeas corpus petition that Petitioner has filed in this Court stemming from his 2004 conviction for attempted murder in Orange County Superior Court ("OCSC") case no. 03WF1095.  See Hoang v. Gonzalez, C.D. Cal. case no. 8:10-cv-01588-RGK-RZ ("Case I"); Hoang v. Unknown, C.D. Cal. case no. 8:17-cv-00495-RGK-KES ("Case II").

Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached

1

exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a successive petition.

## I.
## BACKGROUND

### A. State Court Proceedings.

In July 2004, Petitioner was convicted of attempted murder and street terrorism. (Case II, 1 CT 706-10, Lodged Document ["LD"] 1 Part 4 at 8-12.[1]) He was sentenced to life in state prison, with the possibility of parole, plus a consecutive 10-year term. (Id., 1 CT 723-24, LD 1 Part 4 at 25-26.)

Years later, Petitioner filed a counselled state petition for writ of habeas corpus claiming that his street terrorism conviction should be vacated due to People v. Rodriguez, 55 Cal. 4th 1125 (2012). (Id., LD 33.) In December 2016, the California Court of Appeal granted relief by striking Petitioner's street terrorism conviction. (Id., LD 48.) The appellate court directed the OCSC to "amend the abstract of judgment accordingly and to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation." (Id. at 11.)

### B. Prior Federal Habeas Petitions.

#### 1. Case I.

In October 2010, Petitioner filed a pro se federal petition for writ of habeas corpus in the Central District of California claiming: (1) ineffective assistance of counsel ("IAC") for insisting that he testify and encouraging him to testify falsely; (2) double jeopardy; and (3) prosecutorial misconduct. (Case II, LD 19 at 16, 30, and 41.) On January 3, 2011, the magistrate judge issued an Amended Report and Recommendation ("R&R") finding the petition untimely. (Id., LD 23.) The district

---

[1] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

judge adopted the Amended R&R.  (Id., LD 25.)

**2.   Case II.**

On March 15, 2017, Petitioner mailed to the Eastern District of California a letter and a copy of the California Court of Appeal's decision striking his street terrorism conviction.  (Id., LD 50.)  The Eastern District construed the filing as a § 2254 habeas petition and transferred the case to the Central District, where Petitioner was convicted.  This Court dismissed the petition as successive to the 2010 § 2254 petition.  (Id., LD 51.)

Petitioner appealed.  The Ninth Circuit issued an order ruling that the letter should have been construed as a request for appointment of counsel.  But if it were a § 2254 petition, it would not be successive, because in March 2017, Petitioner was in custody pursuant to an amended judgment following his successful challenge to his street terrorism conviction.  (Id., LD 55.)

After remand, the Court issued an order directing Petitioner to clarify his request for appointment of counsel, since it was unclear why Petitioner sought counsel.  (Id., LD 56.)  After receiving Petitioner's explanation that he wanted counsel appointed to challenge his attempted murder conviction based on newly-discovered evidence, the Court denied the request for appointment of counsel without prejudice.  The Court directed Petitioner to file a federal habeas corpus petitioner identifying the new evidence.  (Id., LD 59.)

Instead, Petitioner moved for a stay.  (Id., LD 60.)  The Court denied the stay motion without prejudice, noting that Petitioner had still not filed a case-originating petition.  (Id., LD 61.)  The Court appointed the Federal Public Defender's Office to represent Petitioner.  (Id., Dkt. 23.)  That office filed a § 2254 petition claiming IAC.  (Id., Dkt. 37.)

On September 21, 2020, the District Judge accepted a R&R denying Petitioner's IAC claim on the merits and denied a Certificate of Appealability ("COA").  (Id., Dkt. 80, 82.)

Petitioner nevertheless appealed.  (Id., Dkt. 83.)  In December 2020, the Ninth Circuit denied a COA, finding that Petitioner had not made a substantial showing of the denial of a constitutional right.  (Id., Dkt. 85.)

In October 2021, Petitioner moved for appointment of counsel.  (Id., Dkt. 86.)  The Court denied the motion, noting that Petitioner had received appointed counsel when the case was active, but the case ended with Petitioner's unsuccessful appeal.  (Id., Dkt. 87 ["Order Denying Counsel"].)  The Court also instructed Petitioner as follows:

> To the extent Petitioner is attempting to file a new habeas petition, he should use the Court's standard form for doing so and do his best to explain what he is challenging and why he believes he is entitled to relief.  The Court notes that, to the extent Petitioner is attempting to challenge the same 2004 convictions for attempted murder and street terrorism as in case no. 8:17-cv-00495, a new habeas petition under 28 U.S.C. § 2254 may be barred by the rule against second-or-successive petitions.  See generally 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147, 152-53 (2007).

(Id. at 2.)

**C.     The Instant Petition.**

In the instant filing, Petitioner explains that he received the Order Denying Counsel in April 2022.  He further explains that he meant to request counsel "to assist him in a new matter regarding the same case." (Dkt. 1 at 1.)  He contends that the federal public defender who represented him in Case II did not "follow the guidelines of the Ninth Circuit" when it remanded the case in 2017.  (Id. at 2.)  He now hopes that, "regardless of the past," he will be appointed new counsel to raise both new IAC claims against his trial counsel and other constitutional challenges to his 2004 attempted murder conviction.  (Id. at 2-4.)  He prays for a new trial or resentencing.  (Id. at 5.)  Because (1) the Order Denying Counsel instructed

Petitioner to file a new § 2254 Petition if he wanted to raise new challenges to his 2004 conviction; (2) Petitioner did not label this filing with the Case II case number, suggesting he intended to initiate a new case; (3) he includes claims of constitutional error affecting his 2004 trial; and (4) he asks for habeas remedies, the Court construes this filing as a § 2254 petition.[2]

## II.
## DISCUSSION

The Petition is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> ***(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district***

---

[2] Petitioner also requests permission to file a civil lawsuit against "the Westminster Police Department, the prosecutor, the judge, the attorney, and all jurors" involved in his 2004 criminal case and for appointed counsel to assist him. (Dkt. 1 at 5.) His request for counsel for this purpose is DENIED. The lawsuit that Petitioner describes would be barred by immunities, the statute of limitations, and/or Heck v. Humphrey, 512 U.S. 477 (1994) (barring 42 U.S.C. § 1983 claims that depend on facts contrary to a conviction that has not yet been invalidated).

*court to consider the application.*

28 U.S.C. § 2244(b) (emphasis added).

The Petition constitutes a successive petition challenging the same conviction as Petitioner's Case II petition, within the meaning of 28 U.S.C. § 2244(b). Thus, under § 2244(b)(3)(A), it was incumbent on Petitioner to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to filing the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 21, 2022

_____
R. Gary Klausner
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge